

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MARTIN TREVIZO, | § | No. 08-25-00062-CV |
| Appellant, | § | Appeal from the |
| v. | § | 383rd District Court |
| BRENDA VIRGINIA TREVIZO, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2023DCM0111) |

## MEMORANDUM OPINION

This appeal is before the Court on its own motion to determine whether it should be dismissed. Tex. R. App. P. 43.2(f).

On February 5, 2025, Appellant Martin Trevizo filed a notice of appeal in the trial court, which was forwarded to this Court on February 10, 2025, accompanied by the district clerk's docketing certificate. The notice of appeal states that Trevizo seeks to appeal the judgment or order "signed on January 10, 2024, May 28, 2024, and February 2025." But contrary to that assertion, the district clerk's docketing certificate reflects that no appealable order or judgment has been entered in the trial court on any date. Generally, appeals are allowed only from final orders or judgments unless an appeal is otherwise authorized by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); Tex. Civ. Prac. & Rem. Code § 51.014 (authorizing certain appeals from interlocutory orders).

Because of the contradictory information gleaned from the district clerk's docketing certificate and the ambiguous language in Trevizo's notice of appeal, we questioned whether the jurisdiction of this Court had been properly invoked in the case. Accordingly, the Clerk of this Court sent Trevizo a letter on February 10, 2025, notifying him that it appeared the Court lacked jurisdiction over his appeal. The notice cautioned Trevizo that his appeal would be subject to dismissal on or after March 6, 2025, if he failed to show grounds for this Court's jurisdiction.[1] Tex. R. App. P. 42.3(a) (authorizing dismissal for want of jurisdiction); 42.3(c) (authorizing dismissal when the appellant fails to comply with a notice from the clerk requiring a response or other action within a specified time).

As of the date of this memorandum opinion, Trevizo has not responded to this Court's notice or otherwise identified an appealable order or judgment over which this Court has jurisdiction. We dismiss the appeal for want of jurisdiction. Tex. R. App. P. 42.3(a), (c).

GINA M. PALAFOX, Justice

March 19, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

---

[1] Without additional information, an appeal of the orders dated January 10, 2024, and May 28, 2024, appears to be untimely. *See* Tex. R. App. P. 26.1 ("The notice of appeal must be filed within 30 days after the judgment is signed[.]"). But if the trial court entered a judgment or other appealable order in February of 2025, then an appeal of that order is likely timely. *Id.* As stated above, the district clerk's docketing certificate states there has been no appealable order or judgment entered in the case. Further, an independent review of the publicly available Register of Actions on the El Paso County Odyssey database confirms that no order was entered in February 2025. Therefore, at the time of our February 10, 2025 notice, we were unable to identify the order or judgment Trevizo had sought to appeal and we requested additional information.